OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
There is no merit to appellants’ arguments that the New York State Urban Development Corporation has failed to comply with the prescriptions of the New York State Urban Development Corporation Act (L 1968, ch 174, § 1) in its planning of the “42nd Street Development Land Use Improvement Project” (the planned rebuilding of New *1096 York City’s Times Square area). In our court appellants have narrowed their challenges to the actions of the corporation and here focus their attack mainly on two grounds.
They cite what they characterize as the failure of the corporation to establish a community advisory committee as provided in subdivision (7) of section 4 of the act. The subdivision relied on, however, includes no prescription as to the time or stage of the concededly extended planning process by which such committee shall be established. It is not disputed that in this instance the corporation established such a committee in December, 1981, after appeal had been taken to the Appellate Division but prior to argument of that appeal. Appellants cite no provision of statute, regulation of the corporation, or decision in case law mandating the establishment of a community advisory committee prior to that date.
The principal thrust of appellants’ argument is in support of their contention that the public hearing conducted by the corporation on August 3,1981 did not satisfy the requisites of section 16 (subd [2], par [c]) of the act. Following a requirement that the corporation shall publish notice of the general project plan, paragraph (c) provides: “the corporation shall conduct a public hearing pursuant to such notice”.* We agree with the Appellate Division that there were no legal deficiencies in the hearing held on August 3,1981. The statutorily mandated hearing is properly classified as a quasi-legislative hearing. There is no predicate in statute or applicable case law for assertion that any one or more of the members of the board of directors of the corporation must personally attend such hearing or that it must be presided over by a hearing officer possessed of particular knowledge of or individual competence with respect to the subject matter of the hearing. The appointment of a hearing officer as agent of the corporation is expressly authorized by statute (§ 4, subd [10]), and the appointment of a qualified hearing officer who was individually independent and impartial could have been judged by the board of directors to be distinctly preferable to the appointment of a person who might be *1097 perceived as biased in consequence of his active participation in the planning process on behalf of the corporation.
Nor is there any substance to appellants’ assertion that one of the functions of the public hearing was to afford members of the public “access” to the members of the board of directors, or to provide the corporation an opportunity to communicate its views to the public or otherwise at the hearing to respond to questions from persons in attendance. The purpose of the hearing, as its designation makes clear, is to afford members of the public an opportunity to express their opinions and comments to the corporation. Appellants wholly fail to establish, by citation to pertinent authority, by recourse to persuasive argument, or otherwise, that the transmission of a stenographic transcript of the hearing to each member of the board of directors of the corporation was not sufficient in this instance to fulfill the objectives of the statutory prescription.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Simons concur; Judge Meyer taking no part.
Order affirmed, with costs, in a memorandum.

 The statute also makes provision for the presentation of written comments on the plan (§ 16, subd [2], par [d]).